IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02284-JLK-MJW

DOUGLAS R. OBERHAMER,

    Plaintiff,

v.

DEEP ROCK WATER COMPANY, a Delaware corporation,
MILE-HI DR ACQUISITION, LLC, a Delaware corporation,
MILE-HI DEEP ROCK HOLDINGS, LLC, a Delaware corporation,
JOHN THOMSON, an individual,

    Defendants.

## ORDER REGARDING
## DEFENDANT DEEP ROCK WATER COMPANY AND MILE-HI DEEP ROCK HOLDINGS, LLC'S MOTION TO COMPEL REGARDING PRIVILEGED COMMUNICATION (DOCKET NO. 39)

**Entered by United States Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendants Deep Rock Water Company and Mile-Hi Deep Rock Holdings, LLC's Motion to Compel Regarding Privileged Communication (docket no. 39). The court has reviewed the motion and the response (docket no. 44) thereto. In addition, the court has taken judicial notice of the court's file and considered applicable Federal Rules of Civil procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That each party has been given a fair and adequate opportunity to be heard;

3. That venue is proper in the state and District of Colorado;

4. That the only question that this court must decide in the subject motion (docket no. 39) is whether Defendants have waived the attorney-client privilege as to the January 17, 2006, e-mail. *See* page 6 of subject motion (docket no. 39) and pages 1-2 in response (docket no. 44);

5. That Plaintiff argues that Bruce John provided to Plaintiff a written copy of the January 17, 2006, e-mail during the time when Plaintiff, who was serving as an executive and officer of Defendants, was adverse to Defendants and therefore Defendants have waived the attorney-client privilege to such e-mail. In support of this argument, Plaintiff has submitted his affidavit and a portion of his deposition transcript. *See* exhibits A and B attached to response (docket no. 44);

6. That during Bruce John's deposition, he was asked about how Plaintiff came into possession of the January 17, 2006, e-mail. Mr. John was asked the following questions and he gave the following answers:

> Q. I am going to ask you a few preliminary questions

        about this document that I understand your counsel has a position to take on this. Did you ever provide Mr. Oberhamer [plaintiff] with a copy of this document 124? [Note that document 124 is the January 17, 2006, e-mail].

  A.    No.

  Q.    Do you know how it came into his possession?

  A.    I do not know.

        *See* excerpts from the deposition of Bruce John attached as exhibit C, 111:10-18 to subject motion (docket no. 39);

7. That "[a] document is protected by the attorney client privilege if it reveals a communication between a client and an attorney, made in order to obtain or deliver legal assistance, that was intended to be treated as confidential." Aull v. Cavalcade Pension Plan, 185 F.R.D. 618, 624 (D. Colo. 1998) (citing In re Grand Jury Subpoena, 697 F.2d 277, 278 (10th Cir. 1983)). "A party asserting a privilege has the burden of establishing that the privilege is applicable. A party asserting waiver of a privilege has the burden of establishing the waiver." Id.

8. That the attorney-client privilege belongs to the corporation, Plaintiff has no authority to waive the privilege on behalf of the Defendants, and the privilege can be asserted against plaintiff in this instance. Genova v. Longs Peak Emergency Physicians, P.C.,

  72 P.3d 454, 462 ( Colo. App. 2003). Furthermore, the attorney-client privilege is not waived when the employee leaves a company, even if the employee takes the privileged document with him. <u>Informsystems, Inc. v. Ceridian Corp.</u>, 197 F.R.D. 303, 305 (E.D. Mich. 2000);

9.  That Plaintiff has failed to meet his burden of proof to establish that Defendants have waived their attorney-client privilege to the January 17, 2006, e-mail, and therefore the Defendants Deep Rock Water Company and Mile-Hi Deep Rock Holdings, LLC's Motion to Compel Regarding Privileged Communication (docket no. 39) should be granted.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1.  That Defendants Deep Rock Water Company and Mile-Hi Deep Rock Holdings, LLC's Motion to Compel Regarding Privileged Communication (docket no. 39) is **GRANTED**;

2.  That Plaintiff shall return all copies of the January 17, 2006, e-mail to Defendants on or before May 12, 2008;

3.  That plaintiff may not use the January 17, 2006, e-mail at the trial on the merits except by further order of the trial judge, Judge Kane;

4.  That each party pay their own attorney fees and costs for this

motion.

Done this 30th day of April 2008.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE